959 So.2d 1000 (2007)
STATE of Louisiana, Applicant,
v.
Jeremiah Ryan HASTINGS, Respondent.
No. 42,624-KW.
Court of Appeal of Louisiana, Second Circuit.
June 14, 2007.
Order Denying Rehearing August 1, 2007.
*1001 J. Schuyler Marvin, District Attorney, Robert Randall Smith, Assistant District Attorney, for Applicant.
Whitley R. Graves, Benton, for Respondent.
Before WILLIAMS, DREW and MOORE, JJ.
WRIT GRANTED AND MADE PEREMPTORY.
The state seeks supervisory review of the district court's ruling that granted the defendant's motion in limine with respect to a chemical test for intoxication.
Officer Sims of the Haughton Police Department stopped Hastings for DWI. Hastings failed field sobriety tests and was taken to the station. There, Officer Gibson read him the standard form, "Rights Relating to the Chemical Test for Intoxication." Gibson read Hastings all the substantive contents, but did not read aloud the signature line disclosing the names and employing agency of the officers involved in the stop, detention or arrest. Their signatures, however, and the name of the Haughton Police Department were handwritten on the bottom of the form which Hastings signed.
On the basis of this omission, Hastings filed the instant motion in limine to prevent the state from referring to or mentioning any type of refusal or submission to the Intoxilyzer 5000 breath test. The applicable statute, La. R.S. 32:661 C(1), requires that the officer requesting the test "shall first read to the person" the contents of the standard form, which must contain six enumerated provisions. One of these provisions is the "name and employing agency of all law enforcement officers involved in the stop, detention, investigation, or arrest of the person." R.S. 32:661 C(1)(e).
The district court granted the motion on the basis of State v. Alcazar, XXXX-XXXX (La.5/15/01), 784 So.2d 1276, which held that one of the enumerated provisions (the right of the arrested person to refuse the test) was mandatory and failure to advise the defendant of this right orally was reversible error.
While we agree that the statute is phrased in mandatory terms, we disagree that the instant de minimis omission mandates suppressing the evidence of the chemical test. Notably, the "name and employing agency" portion of the statute was not at issue in Alcazar, and not even cited in that opinion. By contrast, in the instant case, Hastings was driving in Haughton when he was stopped; he was taken to the Haughton Police Department for the breath test; and Officer Gibson read him every other portion of the standard form. Hastings signed right next to the officers' names and employing agency. These circumstances implicitly prove that Hastings received all the pretesting advice *1002 required by R.S. 32:661 C(1). State v. Doucette, XXXX-XXXX (La.App. 3 Cir. 4/6/05), 899 So.2d 159, writ denied, XXXX-XXXX (La.12/16/05), 917 So.2d 1106. For these reasons, the district court was plainly wrong to grant the motion in limine.
We therefore grant the writ and make it peremptory. The motion in limine is denied and the case remanded for further proceedings.

ORDER
Defendant, Jeremiah Ryan Hastings, seeks rehearing of our peremptory writ grant that reversed a district court ruling which would have prevented the state from referring to or mentioning any type of refusal or submission to an Intoxilyzer 5000 breath test. In granting the state's writ application, we concluded that the requirement of La. R.S. 32:661 C(1)(e)that a law enforcement officer read to an arrestee the name and employing agency of all law enforcement officers involved in the stop, detention, investigation or arrest though phrased in mandatory terms, did not require suppression of the evidence because the reading of the information was omitted.
Defendant now asks us to reconsider that ruling. He further asserts that we mistakenly believed the signature of a third officer on the rights form to be the signature of the officer named in the testimony as being involved in the detention.
After reconsideration, we still find that even though the statute uses the mandatory "shall," nothing else suggests that the legislature intended suppression of the evidence as a consequence of this deficiency. The key question for judicial consideration is whether suppression would help deter police misconduct, a key rationale for implementing the state exclusionary rule in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). We do not find that suppressing this evidence would serve that goal. In the analogous case of Hudson v. Michigan, ___ U.S. ___, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006), police officers readily admitted a clear violation of the mandated knock-and-announce rule; however, the physical evidence seized pursuant to the execution of the search warrant was not suppressed because applying the exclusionary rule would not advance any societal purpose other than the issuance of a "get out of jail free card." The majority tellingly observed, "Suppression of evidence, however, has always been our last resort, not our first impulse." Id., at 2163.
We would also note that since the rendition of Mapp, certain factors are now universally present: (1) aggressive internal affairs procedures are embedded in all of today's law enforcement agencies; (2) increased training requirements have heightened the professionalism of today's law officers; and (3) civil rights lawsuits are readily available for those aggrieved by perceived police misconduct. The same rationale applies here.
We deny rehearing and reaffirm our prior ruling.